**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| **ROYAL WATERBEDS, INC. AND** ) <br> **BOYD STL RETAIL PROPERTIES, LLC,** ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> **UNION INSURANCE COMPANY,** ) <br> ) <br> Agent for Summons: ) <br> Director Chlora Lindley-Meyers ) <br> Missouri Department of Insurance ) <br> 301 W. Hight Street, Room 530 ) <br> Jefferson City, MO 65101 ) <br> ) <br> Defendant. ) | Case No. <br><br> Div. No. <br><br> **JURY TRIAL DEMANDED** |

**PETITION**

COME NOW Royal Waterbeds, Inc. and Boyd STL Retail Properties, LLC and for their Petition against Defendant Union Insurance Company state:

**PARTIES**

1. Plaintiff Royal Waterbeds, Inc. is a Missouri corporation.

2. Among other things, Royal Waterbeds, Inc. sells a wide array of bedroom products and sleep systems at various stores throughout the St. Louis metropolitan area.

3. Plaintiff Boyd STL Retail Properties LLC is a Missouri limited liability company that owns or holds interest in certain real property in the St. Louis metropolitan area used in the business of Royal Waterbeds, Inc. and related entities, including a property located at 3177 Lemay Ferry, St. Louis, Missouri. For ease of references, Plaintiffs are referred to collectively as "Boyd Flotation".

4. On information and belief, Union Insurance Company ("UIC") is, and at all relevant times has been, an Iowa insurance company with its principal place of business in Iowa.

5. On information and belief, UIC was and is qualified to do business in the state of Missouri as an insurer and in fact, has done business and insured risks within the state of Missouri.

6. The claims asserted herein arise out of and relate to damage to Boyd Flotation's building and personal property located at 3177 Lemay Ferry Road in St. Louis, Missouri (the "Subject Property") occurring in August 2022 and more specifically, UIC's improper and bad faith refusal to pay amounts due and owing Boyd Flotation for property coverage under a UIC insurance policy issued to Boyd Flotation for the Subject Property.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over UIC pursuant to RSMo. § 506.500. On information and belief, UIC is now and has been at all relevant times transacting business in Missouri on a regular basis, entering contracts to insure risks in Missouri, and/or evaluating Missouri claims under its policies of insurance, including the insurance policy purchased by Boyd Flotation and at issue herein. In addition, UIC committed tortious acts in Missouri.

8. Venue is proper under RSMo. § 508.010 in St. Louis County in that UIC is a nonresident of Missouri and because UIC committed tortious acts in St. Louis County relating to coverage for the Subject Property located in St. Louis County.

## GENERAL ALLEGATIONS

### A. The Policy

9. Boyd Flotation Inc. paid UIC the premium for commercial lines insurance policy covering the period of September 25, 2021 to September 25, 2022.

10. UIC issued a certain commercial lines policy to Boyd Flotation Inc. numbered CPA 3179243-24 (the "Policy") for the period of September 25, 2021 to September 25, 2022.

11. The Policy contains, among other coverages, commercial property coverage.

12. A true and accurate copy of the material part of the Policy providing commercial property coverage as well as the common policy part are attached as **Exhibit 1** and incorporated by reference as if set forth fully herein.

13. The Policy includes Royal Waterbeds, Inc. as a Named Insured in addition to Boyd Flotation Inc. Ex. 1, Policy, Schedule of Named Insureds.

14. The Policy includes Boyd STL Retail Properties LLC as a Named Insured in addition to Boyd Flotation Inc. Ex. 1, Policy, Schedule of Named Insureds.

15. The Location Schedule of the Policy identifies ten locations, including Location 5 as 3177 Lemay Ferry Road, St. Louis, Missouri 63125. Ex. 1, Policy, Location Schedule.

16. The Limits of Insurance in the declarations for the property part of the Policy identify the coverage limits for Location 5 (3177 Lemay Ferry Road) as $1,667,600 for the building and $275,000 for business personal property. Ex. 1, Policy, Property Part Declarations.

17. The declarations for the property part of the Policy identify "SPECIAL" for the cause of loss form for Location 5 (3177 Lemay Ferry Road). Ex. 1, Policy, Property Part Declarations..

18. The declarations for the property part of the Policy identify the deductible for building loss for Location 5 (3177 Lemay Ferry Road) as $10,000. Ex. 1, Policy, Property Part Declarations.

19. The insuring agreement of the Property Coverage Form in the property part of the Policy states UIC will pay for direct physical "loss" to Covered Property caused by or resulting from any of the Covered Causes of Loss. Ex. 1, Policy, Property Coverage Form, Par. A.

20. The Property Coverage Form in the property part of the Policy includes as Covered Property the buildings describe in the declarations, including the Subject Property. Ex. 1, Policy, Property Coverage Form, Par. A.1.a.

21. The Property Coverage Form in the property part of the Policy includes as Covered Property personal property of Boyd Flotation, including stock, located in the building or structure or within 100 feet of the building or structure. Ex. 1, Policy, Property Coverage Form, Par. A.1.b.

22. The Property Coverage Form in the property part of the Policy states under Covered Causes of Loss "See the applicable Causes of Loss Form as shown in the Declarations." Ex. 1, Policy, Property Coverage Form, Par. A.3.

23. The declarations for the property part of the Policy identify actual cash value as the valuation method for building loss and replacement cost as the valuation method for personal property loss with respect to Location 5 (3177 Lemay Ferry Road). Policy, Property Declarations.

24. The Causes of Loss Form in the property part of the Policy identifies the Covered Causes of Loss to mean direct physical loss unless excluded or limited in the Causes of Loss form. Ex. 1, Policy, Causes of Loss Form, Par. A. Such language is frequently referred to in the insurance industry as "all risk" coverage as the covered causes of loss are not limited to specific insured perils, but instead the form covers all causes of loss not specifically excluded or limited.

**B. Boyd Flotation's Loss**

25. In August 2022, an employee of Boyd Flotation identified damage due to water in the bottom level of the building at 3177 Lemay Ferry Road as well as damage to personal property in the form of stock stored in the lower level (the "Event").

26. On information and belief, a lighting strike negatively impacted an electrical outlet at the Subject Property connected to the sump pump, rendering the sump without electrical power.

27. The loss from the Event is within the Covered Causes of Loss.

28. The loss to the stock at the Subject Property as a result of the Event is in an amount at least $150,625.22, reflective of Boyd Flotation's replacement costs of the lost stock. Such sum

does not include Boyd Flotation's lost profit from the damaged stock as retail price for the damaged stock is significantly greater than this figure.

29. The damage to the building at the Subject Property as a result of the Event is in an amount of $217,175 to restore the property.

30. Combined, Boyd Flotation suffered property loss in excess of $367,000 with damage to Royal Waterbeds, Inc. in excess of $150,000 and damage to Boyd STL Retail Properties LLC in excess of $217,000.

### C. The Claim and UIC's Claim Handling

31. Upon discovery of the loss from the Event, Boyd Flotation promptly notified UIC and made claim under the Policy.

32. Under Missouri law, UIC had an obligation to conduct a prompt and appropriate claims investigation and provide any necessary forms to Boyd Flotation within 10 working days of claims notification.

33. Under Missouri law, UIC had 30 days to complete its investigation and had to make its coverage decision within 15 working days of any completed claims forms to the extent it required and provided Boyd Flotation with claims forms.

34. UIC eventually sent a representative to examine the loss at the Subject Property.

35. UIC provided Boyd Flotation with no additional forms for completion of the claim.

36. Boyd Flotation followed-up multiple times with the UIC adjuster in the fall and winter of 2022, including through communication from its insurance broker, to seek recovery on the claim.

37. As request of the UIC adjuster, Boyd Flotation provided an affidavit concerning the impact to the outlet connected to the sump as a result of lighting strike.

38. Despite providing all requested information, UIC failed to take a position on the claim.

39. On March 17, 2023, counsel for Boyd Flotation directed a letter to the UIC adjuster identifying UIC's failure to pay the claim or take any coverage position on the claim and identifying the losses suffered by Boyd Flotation with a spreadsheet for the values of loss to stock and estimates for repair of the building at the Subject Property.

40. In follow-up calls from Boyd Flotation's counsel and broker to UIC, UIC indicated that it would respond, but failed to do so.

41. UIC has failed and refused and continues to fail and refuse to pay Boyd Flotation the benefits owed by UIC under the Policy for the claim.

42. Boyd Flotation has been damaged in an amount exceeding $367,000 for the damage to the Subject Property and its stock at the Subject Property that UIC failed to pay under the Policy.

43. In addition, Boyd Flotation has been forced to incur fees and expenses on attorneys to force UIC to honor its obligations under the Policy and the law. Attorneys' fees and expenses will continue to accrue in this suit.

44. As UIC failed to timely reserve any policy rights and failed to timely take a coverage position as required under the law, UIC has waived or should be estopped form relying on any policy provisions to deny or limit coverage for the claim.

45. Boyd Flotation is informed and believes UIC has unnecessarily, improperly, and intentionally refused to honor UIC's coverage obligations and to comply with Missouri law.

46. All conditions precedent under the Policy have been satisfied or UIC has otherwise waived or should be estopped from asserting such conditions.

### COUNT I
### (Breach of Contract)

47. Boyd Flotation realleges and incorporates paragraphs 1 through 46, inclusive, as if set forth fully herein.

48. The Policy is a contract of insurance that is valid and enforceable against UIC.

49. The Policy included coverage for damage and to the interior of the building at the Subject Property as a result of the Event.

50. The Policy included coverage for damage to Boyd Flotation's stock in the building at the Subject Property as a result of the Event.

51.  The Policy is written all risk, which includes damage from the Event.

52. Boyd Flotation made a claim on UIC for Boyd Flotation's loss at the Subject Property.

53. Pursuant to the Policy, UIC was obligated to timely investigate its coverage obligations and pay Boyd Flotation or agree to pay Boyd Flotation to satisfy those obligations.

54. Boyd Flotation has performed or is otherwise excused from performing all of its obligations and responsibilities required pursuant to the Policy.

55. UIC has failed and refused to honor its obligations related to the claim made under the Policy.

56. Despite Boyd Flotation's demands to UIC, UIC failed and refused and fails and refuses to acknowledge its coverage obligations and refuses to pay the amounts owed under the Policy on the Claim, all in contravention of the terms and conditions of the Policy and shared intent of the parties in so contracting.

57. As a result, Boyd Flotation has been damaged in the amount of  at least $367,000 (at least $150,000 in damage to stock suffered by Royal Waterbeds, Inc. and at least $217,000 in damage to the structure owned by Boyd STL Retail Properties, LLC) plus foreseeable consequential damages, pre-judgment interest for such sums, and attorney's fees and costs to obtain the coverage benefits, all to be proven at the time of trial.

WHEREFORE, Plaintiffs Royal Waterbeds, Inc.. and Boyd STL Retail Properties, LLC respectfully request that this Honorable Court enter judgment in his favor and against Defendant

Union Insurance Company in the amount of at least $367,000 or another amount determined to properly reflect the insured loss due and owing under the Policy, for the attorneys' fees and costs incurred by Plaintiffs Royal Waterbeds, Inc. and Boyd STL Retail Properties, LLC, for the associated expense that Boyd Flotation was forced to unnecessarily incur, plus prejudgment interest, post-judgment interest, attorneys' fees and costs incurred herein and such other and further relief as the Court deems just and proper.

### COUNT II
### (Bad Faith/Vexatious Refusal to Pay)

58. Boyd Flotation realleges and incorporates paragraphs 1 through 57, inclusive, as if set forth fully herein.

59. UIC owed certain duties to Boyd Flotation upon submission of the claim.

60. Those duties, included, but were not limited to, a duty of good faith and fair dealing.

61. Those duties, included, but were not limited to, an obligation to provide coverage as required by the Policy unless UIC had a good faith belief based on its investigation or other available information that the Policy would not afford such coverage.

62. Those duties, included, but were not limited to, an obligation to conduct any investigation into coverage and/or the facts surrounding coverage with ordinary and reasonable care in a timely manner and to make payment as required by Missouri law and the terms of the Policy.

63. Those duties, included, but were not limited to, an obligation to conduct UIC's investigation and make its coverage decision based on the terms of the coverage and not based on the exposure to UIC.

64. Those duties, included, but were not limited to, an obligation to act promptly and to timely respond to communications about the claim.

65. Those duties, included, properly representing the investigation, facts, and coverage to Boyd Flotation.

66. UIC knew at all relevant times that it owed coverage under the Policy for the claim that it was withholding monies it had an obligation to pay from Boyd Flotation.

67. Yet, UIC refused and continues to refuse to recognize its coverage obligations for the claim and never took a coverage position on the claim.

68. UIC's repeated refusal to pay or agree to pay Boyd Flotation the amounts due and owing for the claim and to even communicate with Boyd Flotation concerning the claim were in violation of the terms and provisions of the Policy, vexatious, and without reasonable cause or excuse.

69. UIC, through the foregoing actions and inactions, breached its duties, including its failure to conduct a timely and reasonable investigation, its delays, its non-responsiveness, the other issues identified herein, and its refusal to properly consider materials provided in support of the claim and to honor UIC's obligations under the Policy and the law.

70. Boyd Flotation has been damaged as a direct and proximate result of UIC's failure to exercise care in its investigation and assessment of the claim under the Policy.

71. At all times, UIC either knew or should have known that it was required to exercise ordinary and reasonable care in its investigation and coverage decisions to avert injury to its insured.

72. At all times, UIC had the ability to avoid the resulting harm by ordinary and/or reasonable care in the use of means at hand.

73. UIC failed to use such care to avert the harm to its insured, when to the ordinary mind it must have been apparent that UIC would cause harm.

74. UIC's actions and inactions were carried out to harm its insured or, with conscious or reckless disregard for the welfare of its insured.

75. UIC's actions and inactions were willful, wanton, reckless, vexatious, and/or in bad faith.

76. Acting oppressively, maliciously, and outrageously, and in conscious disregard for the law and its insured's known rights and with the intention of wrongfully interfering with its insured's prospective economic advantage and interests in the benefits of the insurance purchased, and of intentionally causing, or willfully disregarding the probability of causing, unjust and cruel hardship on its insured, UIC withheld policy benefits as herein alleged, causing Boyd Flotation damages.

77. Boyd Flotation is therefore entitled to recover its damages as well as penalties pursuant to the provisions of RSMo. §375.420 in the amount of twenty percent (20%) of the first one thousand five hundred ($1,500) due and owing Boyd Flotation and ten percent (10%) of the remaining amount due and owing to Boyd Flotation, plus Boyd Flotation's reasonable fees and expenses in pursuing UIC's satisfaction of its obligations, including those incurred in this lawsuit.

WHEREFORE, Plaintiffs Royal Waterbeds, Inc. and Boyd STL Retail Properties, LLC pray for judgment in his favor and against Defendant Union Insurance Company for their damages from Defendant UIC's bad faith tactics, vexatious penalties as permitted in RSMo. § 375.420, reasonable attorneys' fees, the cost of this action, and for any other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Electronically Filed - ST LOUIS COUNTY - August 08, 2023 - 01:44 PM

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ *Matthew S. Darrough*
    Matthew S. Darrough, MO - 46307
    One US Bank Plaza
    St. Louis, Missouri  63101
    314-552-6000
    FAX 314-552-7000
    mdarrough@thompsoncoburn.com

Attorney for Plaintiffs Royal Waterbeds, Inc. and Boyd STL Retail Properties, LLC