UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROYAL WATERBEDS, INC. and BOYD STL )
RETAIL PROPERTIES, LLC,                              )
                                                                        )
            Plaintiffs,                                            )
                                                                        )
      vs.                                                            )        Case No. 4:23 CV 1194 JMB
                                                                        )
UNION INSURANCE COMPANY,                     )
                                                                        )
            Defendant.                                          )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Royal Waterbeds, Inc. and Boyd STL Retail Properties, LLC Motion to Reconsider and Amend Judgment (Doc. 56).  For the reasons set forth below, the Motion is **DENIED**.

**Background**

On June 6, 2025, judgment was entered in favor of Defendant, Union Insurance Company and against Plaintiffs Royal Waterbeds, Inc. and Boyd STL Retail Properties, LLC on their breach of contract claims related to an insurance policy issued by Defendant (Docs. 53 and 54).  Plaintiffs claimed that a Commercial Lines Policy, No. CPA 3179243-24 ("Policy"), entitled them to compensation for damage to their property during a flood event at 3177 Lemay Ferry Road, St. Louis, Missouri in August 2022  (Doc. 1-1).  In particular, Plaintiffs claimed that the Policy is an all-risk policy that provided coverage, that Defendant had the burden to show that an exclusion to the policy existed, and that Defendant failed to demonstrate that an exclusion prevents payment for their property damage.  This Court found that the Policy, as a whole, only provided $10,000 of coverage, which Defendant paid.  Accordingly, there was no breach of contract and Defendant was entitled to judgment.

Plaintiffs argue that the Court "confuses the application of Premier Choice Property Enhancement to improperly conclude it shifts the burden to Plaintiffs to prove the cause of loss under the facts of this case."

The Court assumes familiarity with the June 9, 2025 Memorandum and Order (Doc. 53) and it will not be repeated here.  The salient and undisputed facts are that a commercial building housing Plaintiffs' property flooded and caused damage to stock in the basement.  It is undisputed that damage to Plaintiffs' property was caused by water.  Defendant's adjusters believed that the flood was due to a sump pump failure but Plaintiffs dispute this conclusion.  Plaintiffs presented no competent evidence as to the cause of the flood.  As such, on November 2, 2022, Defendant paid $10,000 to Boyd Flotation, Inc. for loss due to the flooding, which is the Policy limit for a sump pump failure.

The Policy broadly covers "direct physical loss of or damage" "unless the loss is excluded or limited in this policy."  The "Exclusions" section of the Policy details exclusions and indicates that Defendant "will not pay for loss or damage caused directly or indirectly by any of the following" and that "[s]uch loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss."  One such exclusion is "water," either by act of nature or otherwise.  The Policy also provides for some exclusive and additional coverage if the water damage is the result of sump pump discharge.  Neither party pointed to any other part of the Policy that may or may not provide coverage for Plaintiffs' loss.

Defendant's communication of its decision on Plaintiffs' claim was not formal but nonetheless indicated that the loss due to flooding was a result of a sump pump failure and that it would pay according to the terms of the contract.  As noted above, the parties dispute how the flooding occurred – Defendant believes that a sump pump failed and Plaintiffs have no knowledge.

In its Answer, Defendant broadly states as an affirmative defense, that the Coverage Form (including section "B. Exclusions and Limitations") bars coverage (Doc. 8, pp. 10-11).[1]  Defendant then specifically and only quotes the following exclusion related to water: "[w]ater that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment" (Doc. 8, p. 12, (g)(3) above).   In its brief on summary judgment, Defendant argues more expansively: that "the subject Policy contains a clear an unambiguous exclusion for loss or damage caused directly or indirectly by water" (Doc. 40, p. 10).

**Discussion**

In seeking reconsideration, Plaintiffs argue that Defendant has the burden to demonstrate that the water exclusion applies and that it failed to do so by not specifically indicating, in communication to Plaintiffs and in its affirmative defenses, that it is relying on that exclusion. This failure, Plaintiffs argue, means that the insurance agreement broadly covered its losses and that it should be compensated for all of its losses, not just based on the limited and disputed sump pump failure.   The Federal Rules of Civil Procedure do not describe a motion for reconsideration; such motions are therefore considered either Rule 59(e) motions to alter or amend judgment or Rule 60(b) motions for relief from judgment or order.   Peterson v. Travelers Indem. Co., 867 F.3d 992, 997 (8th Cir. 2017).   This Court has broad discretion to grant or deny such motions.   Id.; United States ex rel. Holt v. Medicare Medicaid Advisors, Inc., 115 F.4th 908, 922 (8th Cir. 2024). The substance of the motion determines whether it is a Rule 59(e) motion or a Rule 60(b) motion. Nordgren v. Hennepin Cty, 96 F.4th 1072, 1077 (8th Cir. 2024).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight (28) days after entry of the judgment.   See FED. R. CIV. P. 59(e).   Rule 59(e) gives

---

[1] The affirmative defense does not quote the entirety of the exclusions, just the heading of the section.

the Court power to rectify its own mistakes in the period immediately following the entry of judgment.  White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 450 (1982).  Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence."  U.S. v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted).  Such motions cannot be used to introduce new evidence previously available, tender new legal theories, or raise arguments that could have been presented prior to judgment.  Nordgren, 96 F.4th at 1077.  The Court finds that there has been no manifest error of law or fact that would require reconsideration.

Plaintiffs argue that the Court erred in failing to require that Defendant prove that an exclusion applied in determining that Defendant had complied with the terms of the Policy – an argument that was raised in their response to the motion for summary judgment, considered, and rejected.

As stated previously, it is undisputed that Missouri law governs this diversity action.  In order to demonstrate breach of contract, Plaintiffs must show the existence of a contract, that they performed under the contract, that Defendant failed to perform or breached the contract, and that they were damaged as a result.  Keveney v. Missouri Military Academy, 304 S.W.3d 98, 105 (Mo. 2010).  In an insurance coverage dispute, an insured must demonstrate that the loss is covered by the insurance policy.  Sloan v Farm Bureau Town and Country Ins. Co. of Missouri, 696 S.W.3d 481, 484 (Mo. Ct. App. 2024); See also Axis Surplus Ins. Co. v. TriStar Companies, LLC, 94 F.4th 767, 769 (8th Cir. 2024).  Thereafter, the insurer must demonstrate that the claim falls within exclusionary clauses which are construed strictly against the drafter, typically the insurance company.  Burns v. Smith, 303 S.W.3d 505, 509-510 (Mo. 2010).

The Coverage Form broadly declares that Defendant "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss" (Doc. 41-1, p. 93).  The Causes of Loss generally covers all physical loss except those that are subject to exclusion, which includes loss due to water.  Even adopting Plaintiff's arguments (i.e., assuming the burden is on Defendant, and that the source of the water is unknown), it is nevertheless undisputed that water directly caused the loss.  And under the agreement and listed exclusions, to which Defendant refers and quotes and which must be read as a whole, Plaintiffs are simply not entitled to relief.  There are no material issues of fact that would permit this case to go to a jury because there is no dispute that Plaintiffs' loss is subject to an exclusion that is enforceable.  In sum, and as stated previously, Plaintiffs' arguments fail to consider the policy as a whole.  "An insured cannot create an ambiguity by reading only a part of the policy and claiming that, read in isolation, that portion of the policy suggests a level of coverage greater than the policy actually provides when read as a whole. Such a request for a "truncated consideration of portions of the ... policy is unavailing. 'Insurance policies are read as a whole, and the risk insured against is made up of both the general insuring agreement as well as the exclusions and definitions.'" Owners Ins. Co. v. Craig, 514 S.W.3d 614, 617 (Mo. 2017) (quoting Dutton v. Am. Family Mut. Ins. Co., 454 S.W.3d 319, 323-24 (Mo. 2015)).

**Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Reconsider and Amend Judgment (Doc. 56) is **DENIED**.

In addition, Defendant's Motion for Bill of Costs (Doc. 55) is **GRANTED**.  The Clerk of Court is directed to tax costs in the amount of $4,714.49.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of March, 2026